IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| RYAN SHEPHERD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| DLA PIPER US LLP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiff RYAN SHEPHERD (hereinafter referred to as "GRISMORE") and for his complaint against the Defendant DLA PIPER US LLP (hereinafter referred to as "DLA PIPER") states:

### COUNT I -
### Title VII of the Civil Rights Act of 1964,
### as amended by the Civil Rights Act of 1991

1. This action is brought for damages sustained by SHEPHERD by reason of DLA PIPER's violation of his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, SHEPHERD was and is a citizen of the United States and is a resident of the Northern District of Illinois.

3. At all times relevant hereto, DLA PIPER was a limited liability partnership organized and existing under the laws of the State of Illinois with its principal place of business located at 444 W. Lake Street, Chicago, Illinois 60606.

1

4. At all times relevant hereto, DLA PIPER was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since the complained of conduct occurred in this District.

7. In or around March 20, 2006, SHEPHERD was hired by DLA PIPER's Chicago office as a Hospitality Service Specialist.

8. On April 15, 2019, SHEPHERD was promoted to Hospitality Coordinator.

9. As Hospitality Coordinator, SHEPHERD was to provide onsite support to the Hospitality Manager and Operations Manager and fulfill the day-to-day operational requirements attendant with lawyers, professionals and clients meeting in the office.

10. For example, he was responsible for taking catering orders for meetings and conferences; setting up meeting rooms with food, beverages and other necessary items prior to a meeting or conference; cleaning the meeting rooms and kitchen areas following a meeting or conference; stocking supplies and tracking inventory; coordinating details of events with Hospitality Managers, staff, receptionists, office support and building management; processing catering and vendor invoices; contacting firm staff and attorneys regarding the logistics of their event requests; and coordinating special events and projects with the Hospitality Manager and Operations Manager.

11. Since SHEPHERD held that position, he received favorable performance reviews and accolades from his superiors at DLP PIPER.

12. At all times relevant hereto, it was the policy of the DLP PIPER not to discriminate against any employee on the basis of religion.

13. Despite DLP PIPER's policy, DLP PIPER discriminated against SHEPHERD in late August, 2021.

14. By virtue of the COVID-19 pandemic, SHEPHERD started working in the office to prepare for the firm to return to the office and assist with several off-site meetings on at least once a week or as needed. He would work remotely on all other days.

15. In June, 2021, SHEPHERD began scheduling work in the office three to four times a week as more employees were returning to the office and office amenities were made available.

16. In July, 2021, SHEPHERD's onsite schedule was increased to a daily routine as requested by the Operations Manager.

17. During this time, he interacted regularly with onsite personnel, including in-person meetings with the Operations staff twice a week.

18. He also continued preparations necessary to reopen the office.

19. In late August, 2021, DLA PIPER notified all of its employees that they had to be vaccinated starting October 18, 2021.

20. On or about September 7, 2021, SHEPHERD reached out to Human Resources, requested accommodation to the firm's vaccination policy and notified Human Resources that the policy conflicted with his religious beliefs.

21. DLP PIPER told SHEPHERD to "hang tight" as the accommodation forms would be forthcoming.

22. On October 8, 2023, SHEPHERD received and submitted a COVID-19 religious accommodation request form to DLP PIPER in which he indicated his refusal to be vaccinated against COVID-19 on the basis of his religious beliefs and to also have periodic COVID-19 testing instead of vaccination.

23. On October 15, 2021, SHEPHERD followed up with Human Resources to inquire as to the status of his accommodation request since he did not receive any update from DLP PIPER.

24. On October 18, 2021, all non-vaccinated persons were not allowed in DLP PIPER's Chicago office and SHEPHERD was forced to work remotely.

25. On October 19, 2021, DLP PIPER's Human Resources Department informed SHEPHERD that his exemption request had been reviewed and the firm would not be able to accommodate his request given that the Hospitality Coordinator position required his daily in-office presence.

26. SHEPHERD was advised that he had the option to look for another position at the firm that allowed telework or become vaccinated.

27. He was also informed that telework was the only accommodation that was being offered him by the firm.

28. On October 20, 2021, SHEPHERD was sent an employment agreement and a severance agreement.

29. He asked Human Resources what would happen if he did not sign the agreement.

30. SHEPHERD was told that he would be terminated.

31. On October 22, 2021, SHEPHERD informed DLP PIPER that he would not be signing the severance agreement and he would not be taking the required vaccines as they conflicted with his religious beliefs.

32. SHEPHERD was advised that because he would not sign the agreement, he was terminated.

33. On or about February 3, 2022, SHEPHERD filed his charge of discrimination with the Equal Employment Opportunity Commission.

34. On August 7, 2023, the Equal Employment Opportunity Commission issued SHEPHERD a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

35. Less than ninety days have expired since SHEPHERD's receipt of the notice of right to sue.

36. DLA PIPER's violation of SHEPHERD's rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 has caused him pecuniary damages.

WHEREFORE, the Plaintiff RYAN SHEPHERD requests that this Court enter judgment in his favor and against the Defendant DLA PIPER US LLP as follows:

    a. Enjoining DLA PIPER from engaging in such unlawful employment practices as alleged in this complaint;

    b. Requiring DLA PIPER to give SHEPHERD his position of Hospitality Coordinator at the rate of pay comparable to what he

5

would have been receiving if not for the civil rights violations committed against him;

c. Making SHEPHERD whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by DLA PIPER;

d. Awarding SHEPHERD compensatory and punitive damages in an amount to be determined at trial; and

e. Awarding SHEPHERD such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

          Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 3800
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
RYAN SHEPHERD