**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT**

| | | |
|---|---|---|
| RYAN SHEPHERD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-14774 |
| | ) | |
| DLA PIPER US LLP, | ) | Honorable John Robert Blakey |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I.     INTRODUCTION**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint, not its merits *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Taylor v. City of Chicago,* (No. 14 C 737) 2015 WL 739414 at 3 (N.D.Ill. February 19, 2015). To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level" *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common

1

sense'" <u>McCauley v. City of Chicago</u>, 671 F.3d 611, 616 (7th Cir. 2011) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009)).

When considering a motion to dismiss under Rule 12(b)(6), a federal court must construe the operative complaint in the light most favorable to the Plaintiff and, accept as true, all well-pled facts and draw all reasonable inferences in the Plaintiff's favor <u>E.g.</u>, <u>Fortres Grand Corp. v. Warner Bros. Entertainment, Inc.</u>, 763 F.3d 696, 700 (7th Cir. 2014); <u>Yeftich v. Navistar, Inc.</u>, 722 F.3d 911, 915 (7th Cir. 2013). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (ellipsis in original).

A Rule 12(b)(6) motion to dismiss usually limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and that are referred to in it and information that is properly subject to judicial notice <u>Williamson v. Curran</u>, 714 F.3d 432, 436 (7th Cir. 2013). A party opposing a motion to dismiss for failure to state a claim may, however, submit materials outside the pleadings to illustrate the facts the party expects to be able to prove and is free to assert new facts in the brief opposing a motion to dismiss <u>Derfus v. City of Chicago</u>, 42 F.Supp.3d 888, 900, n.1 (N.D.Ill. 2014).

While the Defendant DLA PIPER US LLP (hereinafter referred to as "DLA PIPER") acknowledges some of these rules (Motion, p. 5), it, nevertheless, maintains that the Plaintiff RYAN SHEPHERD's (hereinafter referred to as "SHEPHERD") amended complaint should be dismissed because it allegedly offered SHEPHERD an alternative that

2

accommodated his religious beliefs by giving him the option to either look for another position at the firm that allowed telework or become vaccinated (DLA PIPER's Motion, pp. 6-7).

The fundamental flaw to DLA PIPER's contention is that DLA PIPER did not offer SHEPHERD a reasonable accommodation here. As evidenced by SHEPHERD's attached affidavit, DLA PIPER did not offer him anything since there were no positions available that SHEPHERD could transfer in the company and perform remotely. In fact, there were only three paralegal positions that allowed hybrid remote work and no positions that allowed SHEPHERD to work entirely remote.

The only alternative available to SHEPHERD was to get vaccinated contrary to his religious beliefs. Thus, DLA PIPER did not provide SHEPHERD with an alternative that reasonably accommodated his religious beliefs. It, therefore, follows that DLA PIPER's motion should be denied and it should be ordered to promptly file its answer to SHEPHERD's amended complaint so that discovery can commence and this case and proceed to trial.

> **II. DLA PIPER'S MOTION TO DISMISS SHEPHERD'S AMENDED COMPLAINT SHOULD BE DENIED SINCE THE WELL PLED STATEMENTS IN SHEPHERD'S COMPLAINT PROVIDE DLA PIPER WITH FAIR NOTICE OF WHAT SHEPHERD'S CLAIM IS AND THE GROUNDS UPON WHICH IT RESTS.**

Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, forbids employment discrimination on account of religion 42 U.S.C. § 2000(e)-2(a)(1). Religion includes all aspect of religious observance and practice as well as belief.

Title VII is a remedial statute that is construed liberally and in favor of employee protection <u>Adeyeye v. Heartland Sweeteners, LLC</u>, 721 F.3rd 444, 450 (7th Cir. 2013). Title VII requires that an employer reasonably accommodate an employee's practice of religion, not merely that it assess the reasonableness of a particular possible accommodation or accommodations <u>Groff v. DeJoy</u>, 600 U.S. 447, 473 (2023).

Title VII does not demand mere neutrality with regard to religious practices, but instead, gives them favored treatment in order to insure religious persons full participation in the workforce <u>Groff v. DeJoy</u>, 600 U.S. 447, 473 (2023). For an employer to defend a denial of a religious accommodation under Title VII, the employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business <u>Id</u> at 470.

Providing an employee with an option of voluntary termination with the right to ask for his old job later is not a reasonable accommodation of an employee's religious beliefs under Title VII <u>Adeyeye v. Heartland Sweeteners, LLC</u>, 721 F.3rd 444, 456 (7th Cir. 2013). Under Title VII, an employer cannot sit behind a closed door and reject the employee's request for religious accommodation without explaining why the request has been rejected or offering an alternative <u>Nichols v. Illinois Department of Transportation</u>, 152 F.Supp.3d 1106, 1125 (N.D.Ill. 2016).

To state a case under Title VII of religious discrimination based on the failure to accommodate, a plaintiff must allege that (i) the observance of practice conflicting with an employment requirement is religious in nature, (ii) the employee called the religious observance or practice to the employer's attention and (iii) the religious observance or

4

practice was the basis for the employee's discharge or other discriminatory treatment *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012). If the plaintiff establishes a prima facie case, the employer-defendant must demonstrate that it cannot accommodate the plaintiff's religious practice without undue hardship to its business *Baz v. Walter*, 782 F.2d 701, 706 (7th Cir. 1986). The employer must provide an accommodation that eliminates the conflict between the employment requirements and religious practices *Porter v. City of Chicago*, 700 F.3d at 951.

Applying these controlling rules here, DLA PIPER's motion to dismiss should be denied. DLA PIPER does not contest that the well pled statements in SHEPHERD's amended complaint establish that (i) SHEPHERD had a bonafide religious practice that conflicted with an employment requirement, (ii) he brought the religious practice to DLA PIPER's attention and (iii) that the religious practice was the basis for the adverse employment decision.

Rather, it contends that it made a reasonable accommodation of SHEPHERD's religious practice by offering him the option to look for another position at the firm that allowed telework or become vaccinated (DLA PIPER's Motion, pp. 6-7). Yet, a careful reading of the statements contained in SHEPHERD's amended complaint, which must be accepted as true for purposes of DLA PIPER's motion, reveals that DLA PIPER really did not offer SHEPHERD any option here since there was no position that SHEPHERD could have performed by telework as opposed to coming into the office.

The well pled statements in SHEPHERD's amended complaint clearly establish that on October 19, 2021, DLA PIPER's Human Resources Department informed him that his

exemption request was reviewed and DLA PIPER would not accommodate his request not to vaccinate because his position required his daily in office presence. DLA PIPER fails to indicate in its motion that in his request for a religious accommodation, he indicated his willingness to have periodic COVID-19 testing instead of vaccination (Amended Complaint, par. 25).

While SHEPHERD was advised that he had the option to look for another position at the firm that allowed telework or become vaccinated, there was no available telework position at the firm that he could perform (Amended Complaint, pars. 29-31). Contrary to DLA PIPER's contention (Motion, pp. 10-11), SHEPHERD did not merely decide that he would only accept the accommodation of his own choosing. SHEPHERD's attached affidavit clearly establishes that he did search the list of available positions at DLA PIPER and there was none that allowed him to work remotely (SHEPHERD aff., par. 8).

Moreover, the three positions that were hybrid remote work were paralegal positions to which SHEPHERD was not qualified (SHEPHERD aff., pars. 9-10). Thus, DLA PIPER did not offer SHEPHERD any alternative here other than to be vaccinated (SHEPHERD aff., par. 12).

Merely because DLA PIPER offered him an opportunity to look for another position at the firm when there was no position that would allow for telework does not warrant the granting of DLA PIPER's motion. None of the decisions relied on by DLA PIPER holds that the offering of a position to an employee to which he is not qualified and/or is not remote does not constitute a reasonable accommodation.

The decision in <u>Rodriguez v. City of Chicago</u>, 156 F.3d 771 (7th Cir. 1998) does not buttress DLA PIPER's self-serving conclusion that it eliminated the conflict between its vaccination requirement and SHEPHERD's religious practice (DLA PIPER's Motion, p. 7). In <u>Rodriguez</u>, a City police officer sued the City alleging that the police department engaged in religious discrimination by refusing to excuse him from guarding an abortion clinic. In that decision, the plaintiff was among officers assigned to a mass demonstration at the abortion clinic and assisted in making arrests outside the clinic <u>Id</u> at 773. While making the arrests that day, he became unsettled about his role outside the clinic since he was a lifelong Roman Catholic and after being assigned to the clinic on three occasions following the demonstration, he maintained that his presence at the clinic conflicted with his religious beliefs.

The evidence also established that after registering his complaint about working at the clinic, the plaintiff was not assigned to any further clinic duty since the incident <u>Id</u> at 774. Moreover, under his collective bargaining agreement, the plaintiff could have requested a transfer to six alternative districts on the north side comparable to the district in which he was working that did not have facilities where abortions were performed. Further, due to his seniority, the plaintiff would have been able to make that change with no reduction in his level of pay or benefits. He also could have avoided clinic duties such as applying for "special function assignments", changing his shift, changing his start time, using time due and using unpaid leave <u>Id</u> at 774-775.

Unlike the situation in <u>Rodriguez</u>, SHEPHERD had no Collective Bargaining Agreement or any other agreement with DLA PIPER that gave him any options. Rather,

7

DLA PIPER gave him no option other than to get vaccinated since there was no position available to him in which he could have worked remotely. Curiously, DLA PIPER does not explain why it did not allow SHEPHERD to return to the office and merely take periodic COVID tests as opposed to having to be vaccinated. Thus, the *Rodriguez* decision is not controlling here.

Similarly, DLA PIPER's reliance on *Wright v. Runion*, 2 F.3d. 214 (7th Cir. 1993) (DLA PIPER's Motion, p. 7), is misplaced. In *Wright*, the plaintiff was a Seventh Day Adventist who observed the Sabbath from sundown Friday until sundown Saturday and was required to refrain from any employment activities during that time *Id*, 2 F.3d at 215. For several years, the plaintiff held a position at the United States Post Office in Milwaukee which did not require him to work on his Sabbath *Id*.

However, in April, 1987, he received a letter from the United States Post Office notifying him that his position was being eliminated and that because of his elimination, he would have the opportunity to bid for a new position in a special bidding procedure *Id* at 215-216. He was given the opportunity, through the regular bidding procedure, to bid on four other positions that did not require him to work on his Sabbath *Id* at 216. Most importantly, by virtue of his seniority, he would have received at least two of those positions had he bid on them. By virtue of his failure to bid on either position, he was placed in a job that required him to work on Friday nights *Id* at 216. After his supervisor rejected his request to take Friday nights off, he resigned *Id* at 216.

Unlike the situation in *Wright*, SHEPHERD did not have any position that he could bid on or seek since there was no position for him to work remotely. Thus, contrary to DLA

8

PIPER's contention (Motion, p. 8), it did not reasonably accommodate SHEPHERD's religious needs here. DLA PIPER can hardly claim that SHEPHERD did not take full advantage of what was offered to him since there was really no offer. There simply was no position. After SHEPHERD reviewed the list, there was no position to which he could work remotely.

Further, DLA PIPER incorrectly relies on the decision in *Bartholomew v. Washington*, 2023 WL 6471627 (3:23-cv-05209-DGE) (W.D.WA. September 21, 2023). In *Bartholomew*, the plaintiff received notice that the Governor of Washington had issued an order requiring all state employees to be vaccinated by October 18, 2021 to continue to be employed *Id* at 1. After the plaintiff completed his request for religious accommodation from the vaccine, he was advised that the only accommodation that could be provided him was the possibility of a reassignment and that he was directed to submit a reassignment request and an updated resume by September 13, 2021 *Id*.

The plaintiff did not allege that he submitted a reassignment request or his resume as directed. Instead, he merely objected to the termination and emailed Human Resources twice that he believed he could continue to perform his job remotely *Id*.

Unlike the situation in *Bartholomew*, SHEPHERD was not directed to submit a reassignment request and an updated resume by DLA PIPER. He never indicated that he could only continue to perform his job remotely. Rather, he indicated that he could come into the office and submit to periodic COVID testing instead of taking the vaccine (Amended Complaint, par. 25). Thus, DLA PIPER is incorrect that SHEPHERD decided he would only accept the accommodation of his own choosing (DLA PIPER's Motion, pp.

9

10-11). Accordingly, the <u>Bartholomew</u> decision has no precedential value here and does not support DLA PIPER's motion to dismiss.

DLA PIPER conveniently avoids the recent decision in <u>Bowlin v. Board of Directors of Judah Christian School</u>, __ F.Supp.3d. __, 2023 WL 6323302 (22-cv-1390) (C.D.Ill. September 28, 2023). In that case, elementary and secondary school teachers and staff were suspended without pay or terminated after refusing to comply with the COVID-19 vaccination and testing programs. They brought suit against the respective Boards of Education and Board of Directors for private schools alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

In that decision, the District Court granted the defendant's motion to dismiss because it held that the option to submit to regular testing in lieu of vaccination offered by the defendant was a reasonable accommodation and the plaintiffs did not identify any religious beliefs that were offended by the regular testing requirement in lieu of vaccination <u>Id</u> at 2-3.

Here, SHEPHERD offered to be periodically tested for COVID-19 as an alternative to being vaccinated so that he could come into the office and that was rejected by DLA PIPER. Since there was no remote position available for SHEPHERD, the only alternative that he had was to vaccinate which was contrary to his religious beliefs. Thus, SHEPHERD was not asking DLA PIPER to carve out a special exemption for his religious obligations.

DLA PIPER's contention that whether there was remote position available for SHEPHERD is irrelevant is absurd. While DLA PIPER acknowledges and admits that the accommodation has to eliminate the religious conflict between the employment

10

requirements and the religious practices (DLA PIPER's Motion, p. 6), it did not offer any accommodation to SHEPHERD since there was no remote position for SHEPHERD to even consider. SHEPHERD was still left with the conflict between DLA PIPER's position regarding vaccination and his religious belief. Offering SHEPHERD the opportunity to look for another position that would allow for telework when there was no position that would allow him do so is no alternative and could not have accommodated SHEPHERD's religious needs.

Thus, the statutory inquiry here is not at an end as DLA PIPER so incorrectly contends. SHEPHERD did not have the opportunity to work a remote position that would not require a vaccination. It, therefore, follows that there is no merit to DLA PIPER's motion to dismiss. Accordingly, that motion should be denied and DLA PIPER should be ordered to promptly file its answer to SHEPHERD's amended complaint so that discovery can ensue and this case can get ready for trial.

## CONCLUSION

DLA PIPER cannot circumvent that the well pled statements in SHEPHERD's amended complaint furnish it with enough factual information to state a claim for relief for religious discrimination that is plausible on its face and raises a right to relief above the speculative level. DLA PIPER does not contest that the requisite elements for a prima facie case for religious discrimination based on the failure to accommodate are present here. Its baseless attempt to divert this Court's attention away from the presence of those elements by contending that it provided SHEPHERD with a reasonable accommodation by looking for another position that allowed telework when no such positive was available is without

merit. The only offer that DLA PIPER really made to SHEPHERD was to vaccinate if he was going to work at the firm. It clearly could have allowed SHEPHERD to repeatedly test for COVID-19 which he was quite willing to do. Instead, it discriminated against SHEPHERD because of his religious beliefs.

It, therefore, follows that there is no merit to DLA PIPER's motion to dismiss. Accordingly, its motion should be denied and it should be ordered to promptly file its answer to SHEPHERD's amended complaint.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 3800
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
RYAN SHEPHERD