UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RYAN SHEPHERD,<br><br>    Plaintiff,<br><br>v.<br><br>DLA PIPER US LLP,<br><br>    Defendant. | Case No. 23-cv-14774<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ryan Shepherd, brings this action against Defendant, DLA Piper US LLP, alleging that Defendant violated his civil rights under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by failing to accommodate his religious beliefs. Defendant now moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). As set forth below, this Court denies Defendant's motion, [15].

**I.    FACTUAL BACKGROUND**[1]

Beginning in 2006, Plaintiff worked at Defendant's Chicago office in the Hospitality Department, ultimately rising to the position of Hospitality Coordinator on April 15, 2019. [13] ¶¶ 7–8. Plaintiff's responsibilities as a Hospitality Coordinator included taking catering orders, setting up and cleaning meeting rooms

---

[1] The Court draws the factual allegations from Plaintiff's Amended Complaint [13], which it takes as true at this stage. *See Yasak v. Ret. Bd. of the Policemen's Annuity Fund*, 357 F.3d 677, 678 (7th Cir. 2004).

for meetings and conferences, cleaning the kitchen areas, stocking supplies, and tracking inventory. *Id*. ¶ 10. Defendant closed its Chicago office in March 2020 in response to the COVID-19 pandemic. *Id.* ¶ 14. When Defendant began to progressively reopen its offices in June 2021, Plaintiff attended at least one off-site meeting per week and then worked remotely on the other days. *Id*. ¶ 15. By June 2021, Defendant required Plaintiff to work on-site three to four days per week as more employees returned to the office. By July 2021 Defendant required Plaintiff to be in the office every day. *Id*. ¶¶ 15–17.

In late August 2021, Defendant notified its employees that it required all employees to receive the COVID-19 vaccine by October 18, 2021. *Id*. ¶ 20. According to Plaintiff, Defendant's vaccination mandate conflicted with his religious beliefs. *Id*. ¶ 21. Plaintiff alleges that as a Christian, he "abstain[s] from altering his God-given design through direct injection of foreign biological materials into his body." *Id*. Plaintiff contacted Defendant's Human Resources Department on September 7, 2021 to request an accommodation to exempt him from complying with the vaccination mandate. *Id*. ¶ 23. On October 8, 2021, Plaintiff received and submitted an accommodation request from the Human Resources Department in which he indicated his refusal to be vaccinated against COVID-19 based upon his religious beliefs. *Id*. ¶ 25. In his accommodation request, Plaintiff requested that he receive periodical testing for COVID-19 instead of receiving the vaccine. *Id*.

On October 19, 2021, Defendant's Human Resources Department denied Plaintiff's accommodation request because his role as a Hospitality Coordinator

2

required his daily presence in the office. *Id.* ¶ 28. Human Resources advised Plaintiff that he had the option to look for another position with Defendant that allowed for remote work if he did not wish to comply with Defendant's vaccination mandate. *Id.* ¶ 29. Plaintiff alleges that, given his qualifications, there were no other remote positions available to him at the firm. *Id.* ¶ 31.

On October 20, 2021, Human Resources provided Plaintiff an employment agreement and a severance agreement and told him that if he did not sign the agreement, Defendant would terminate him. *Id.* ¶¶ 34–36. On October 22, 2021, Plaintiff informed Human Resources that he would not sign either agreement and would not comply with the vaccine mandate. *Id.* ¶ 37. As a result, Defendant terminated him. *Id.* ¶ 38.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on February 3, 2022, and received a Notice of Right to Sue on August 7, 2023. *Id.* ¶¶ 39–40. Plaintiff filed this lawsuit on October 11, 2023, [1], and amended his Complaint on January 2, 2024, [13]. Defendant moves to dismiss the Amended Complaint for failure to state a claim. [15].

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Under Rule 12(b)(6), this Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled facts as true, and draw all reasonable inferences in the plaintiff's favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Plaintiff need not plead particularized facts, but the factual allegations in the complaint must be enough to raise a plausible right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

### III. DISCUSSION

Plaintiff alleges that Defendant violated Title VII when it fired him for refusing to comply with the vaccination mandate due to his religious beliefs. Defendant argues that Plaintiff's claim fails because the Amended Complaint demonstrates that it offered a reasonable accommodation for Plaintiff's religious beliefs by offering Plaintiff the opportunity to look for a remote position within the firm, thus satisfying its Title VII obligations.

Title VII forbids employment discrimination on account of the employee's religion. *See* 42 U.S.C. § 2000e-2(a)(1); *see also Reed v. Great Lakes Cos.*, 330 F.3d 931, 934-35 (7th Cir. 2003). As used in Title VII, "religion" "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

To state a prima facie case of religious discrimination based upon a failure to accommodate, a plaintiff must allege that "(1) a bona fide religious practice conflicts with an employment requirement; (2) he or she brought the religious practice to the employer's attention; and (3) that the religious practice was the basis for the adverse employment decision." *E.E.O.C v. United Parcel Service*, 94 F.3d 314, 317 (7th Cir. 1996). Once a plaintiff has established a prima facie case, the burden shifts to the employer to demonstrate that the employer made reasonable efforts to accommodate the plaintiff-employee's religious beliefs, or that a reasonable accommodation would pose an undue hardship on the employer. *Porter v. City of Chicago*, 700 F. 3d 944, 951 (7th Cir. 2012).

Under Title VII, an employer must "reasonably accommodate an employee's practice of religion, not merely…assess the reasonableness of particular possible accommodation or accommodations." *Groff v. DeJoy*, 600 U.S. 447, 473 (2023). A reasonable accommodation is one that eliminates the conflict between the employer's requirement and the employee's religious beliefs. *See Rodriguez v. City of Chicago*,

5

156 F.3d 771, 775 (7th Cir. 1998) (quoting *Ansonia Bd. Of Educ. V. Philbrook*, 479 U.S. 60, 70 (1986)). The accommodation offered by the employer "need not be the employee's preferred accommodation or the accommodation most beneficial to the employee." *Porter*, 700 F. 3d at 944.

Defendant does not dispute that Plaintiff states a prima facie claim for religious discrimination. The Amended Complaint alleges that: (1) Plaintiff's bona fide religious practice conflicts with Defendant's vaccine requirement; (2) Plaintiff informed Defendant of this conflict when he submitted his accommodation request; and (3) Defendant terminated Plaintiff because he refused to comply with the employment requirement that conflicted with his religious beliefs. [13] ¶¶ 21–38. These allegations sufficiently state a prima facie claim of religious discrimination under Title VII. *See United Parcel Service*, 94 F.3d at 317.

Thus, Defendant's motion hinges upon whether it offered Plaintiff a reasonable accommodation by providing him the opportunity to apply to remote positions within the firm. This question, however, is not appropriate for resolution at this early stage without the benefit of a full record.

Determining the reasonableness of a religious accommodation is necessarily a fact-intensive inquiry. *See Rodriguez v. City of Chicago*, 156 F.3d 771, 776 (7th Cir. 1998) ("The determination of whether an accommodation is reasonable in a particular case must be made in the context of the unique facts and circumstances of that case."); *EEOC v. W.W. Grainger, Inc.*, 1997 WL 399635, at *4 (July 11, 1997) ("Generally,

6

whether the employer's proposed accommodation was 'reasonable' is a question of fact for the jury, rather than a question of law for the court.").

Courts have held "that offering an employee the opportunity to apply for alternative positions" that accommodate their religious practice "can be a reasonable accommodation." *E.E.O.C. v. Walmart Stores East LP*, 2020 WL 247462, at *5 (W.D. Wis. Jan. 16, 2020).[2] But in each of these cases, the Court resolved the question of reasonableness on summary judgment, not on the pleadings, and thus had the benefit of a complete record. For example, in *Bruff v. North Mississippi Health Services*, the Court found Defendant's accommodation reasonable as a matter of law because it gave "Bruff 30 days, and the assistance of its in-house employment counsel, to find another position" at the same company. *Bruff*, 244 F.3d at 501. Similarly, in *Wright v. Runyon*, the Court found USPS's accommodation reasonable because it invited Plaintiff to bid on four positions that would accommodate his religion, "at least two of which Wright would have received had he bid on them" based upon his seniority. *Wright*, 2 F.3d at 217; *see also Telfair v. Fed. Exp. Corp.*, 934 F.Supp.2d 1368, 1385 (S.D. Fla. 2013) (defendant offered alternative post and option to submit unlimited bids on other open positions).

---

[2] *See Wright v. Runyon*, 2 F.3d 214, 217 (7th Cir. 1993) (giving employee opportunity to bid on jobs that would have accommodated his religious practice was reasonable accommodation); *Bruff v. North Mississippi Health Servs., Inc.*, 244 F.3d 495, 502 (5th Cir. 2001) (offering to give employee 30 days to find another position that would not conflict with religious beliefs was reasonable accommodation); *Shelton v. University of Medicine & Dentistry of New Jersey*, 223 F.3d 220, 227 (3d Cir. 2000) (offering to meet with employee to discuss other available positions that would resolve religious conflict was reasonable accommodation); *Telfair v. Federal Express Corp.*, 567 F. App'x 681, 684 (11th Cir. 2014) (giving employees opportunity to apply for open positions was reasonable accommodation).

7

Here, the Complaint contains minimal allegations regarding the communication between Plaintiff and Defendant and fails to address what assistance (if any) Defendant offered Plaintiff with his job search, what jobs (if any) were reasonably available, whether Defendant provided a grace period during which Plaintiff could apply to jobs prior to termination, or to what extent Plaintiff cooperated with Defendant to pursue other positions at the firm. *Walmart*, 2020 WL 247642, at *6 ("It is well-established that employees have a duty to cooperate with an employer in searching for an accommodation for religious needs."). Further, the Complaint alleges that Defendant sent Plaintiff an employment and a severance agreement (upon threat of termination) only one day after denying his request for periodic testing in lieu of receiving the vaccine.[3] [13] ¶¶ 28, 34. Without additional factual evidence, the Court cannot conclude that Defendant's actions and offered accommodation was reasonable.[4]

In sum, based only upon the allegations in the Complaint and drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff has sufficiently

---

[3] The record also contains no allegations or evidence regarding the reasonableness of the vaccine mandate in the first instance, the actual infectious exposure risks of the vaccinated verses the unvaccinated, potential existence of natural immunity, or the reasonableness of the decision to disallow any testing or other remedial alternatives.

[4] Indeed, the only case Defendant cites that the court dismissed on the pleadings contained more facts than those alleged here, including that the defendant offered the plaintiff the opportunity to request a reassignment by submitting an updated resume and contact information and that the defendant told the plaintiff it would "make a good faith effort to find you a position through the reassignment process." *Bartholomew v. Washington*, No. 3:23-cv-05209-DGE, 2023 WL 6471627, at *4 (W.D.W.A. Sep. 21, 2023).

stated a claim for failure to accommodate his religious beliefs under Title VII. Accordingly, the Court denies Defendant's motion to dismiss.

## IV. CONCLUSION

For the reasons explained above, this Court denies Defendant's motion to dismiss, [15]. Defendants shall answer the Amended Complaint by April 30, 2025. Additionally, the parties shall file a joint status report by May 14, 2025, confirming whether discovery will be completed by the previously set deadline, June 20, 2025, [33] indicating whether they will require expert discovery, and indicating whether they are interested in a settlement conference with the assigned Magistrate Judge. This Court will set additional case management deadlines in a future order.

Dated: April 2, 2025

Entered:

John Robert Blakey
United States District Judge