IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RYAN SHEPHERD,                          )
                                        )
                    Plaintiff,          )
                                        )
        v.                              )       Case No. 23-cv-14774
                                        )
DLA PIPER US LLP,                       )       Honorable John Robert Blakey
                                        )
                    Defendant.          )

**DLA PIPER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendant DLA PIPER US LLP ("DLA Piper"), through its undersigned counsel, responds as follows in opposition to Plaintiff's Motion to Compel (Dkt. #52) (the "Motion to Compel"):

1.      The parties have been engaged in fact discovery since the beginning of 2024. In addition to his initial requests for production, which he served on February 2, 2024, counsel for Plaintiff has propounded over two dozen additional document requests over the course of the last four months. In response to these additional requests, DLA Piper has either supplemented its production in good faith, indicated no such documents exist, or objected to the requests on various grounds such as vagueness, overbreadth, burden, and/or not reasonably calculated to lead to the discovery of admissible evidence.

2.      In his Motion to Compel (Prayer for Relief), Plaintiff asks the Court to compel DLA Piper to produce the following categories of information:

    a.  "the forms that suppliers had to fill out in order to enter the DLA PIPER Chicago office from March, 2020 through October, 2021."

    b.  "Provide documents regarding the number of employees who contracted COVID-19 from March, 2020 through October, 2021 in the Chicago office."

1

16232703

    c.  "Produce all documents concerning employees who came back to DLA PIPER's Chicago office, but, nevertheless, contracted COVID-19 from March, 2020 through October, 2021."

    d.  "Produce all documents concerning supplies submitted to DLA PIPER's Chicago office from March, 2020 through October, 2021."

    e.  "Produce all documents concerning logs maintained by DLA PIPER of individuals who came into the Chicago office between March, 2020 through October 31, 2021."

    f.  "Identify the individuals contained in the attached **Exhibit G** who were granted an exemption from having to take the vaccine for religious reasons."

3.    Federal Rule of Civil Procedure 26(b)(1) places limits on the scope of discovery. It provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

4.    For each of Plaintiff's above requests, DLA has already provided whatever responsive information it has located, DLA Piper does not have responsive information, or the requests on their face fail to satisfy Rule 26(b)(1)'s scope provision. Each is examined in turn.

**I.**    ***The forms that suppliers had to fill out in order to enter the DLA Piper Chicago office from March, 2020 through October, 2021.***

5.    Plaintiff's request for forms filled out by suppliers that entered DLA Piper's offices has no relevance to Plaintiff's claim and could not lead to admissible evidence. As discussed more fully below, Plaintiff held a position at DLA Piper that required his daily presence in the office

16232703

and required him to interact with his co-workers and clients of the Firm. This is significantly different than a supplier who enters the office periodically to make a delivery and then leaves.

6.      In any event, DLA Piper does not have "forms that suppliers had to fill out in order to enter the DLA Piper Chicago office" spanning the time period of March 2020 through October 2021. Instead, visitors were required to use DLA Piper's website which contained a "COVID-19 Visitor Affirmation" prompt which asked all guests to "affirm that you are fully vaccinated against Covid-19..." Suppliers, like other visitors, would have been required to complete this affirmation when entering the DLA Piper Chicago office. This form was used only once DLA Piper implemented its mandatory vaccination requirement in October 2021, so was not used for nearly the entire time span of March 2020 through October 2021 that is reflected in Plaintiff's request. DLA Piper produced this information in 2024. (DLA_000029-30).

**II.    *Documents regarding the number of employees who contracted COVID-19 from March, 2020 through October, 2021 in the Chicago office*.**

7.      Plaintiff's request for documents about the number of employees in the Chicago office who contracted COVID-19 for the year-and-a-half time frame between March 2020 and October 2021 is not relevant to Plaintiff's claim. Whether one employee or fifteen employees contracted COVID-19 during this time span has no relationship to any of the issues in the case, especially where this information would provide no insight as to whether those employees contracted COVID-19 while in the Chicago office (an inquiry which is itself attenuated to Plaintiff's claims) or outside the office at social gatherings unrelated to DLA Piper. It makes no fact of consequence more or less probable and has no bearing on any ultimate issue in the case.

8.      Nor were there any COVID-19 vaccines available for the vast majority of this time period. This request is simply not relevant to the claims or defenses in the case; there is no suggestion that the population of employees at DLA Piper were any different than the general

16232703

population in terms of the incidence of positive COVID-19 diagnoses. This discovery request has no importance in resolving the issues in dispute. The request should be denied.

**III.**      *All documents concerning employees who came back to DLA PIPER's Chicago office, but, nevertheless, contracted COVID-19 from March, 2020 through October, 2021.*

9.      This request, too, has no importance or relevance to the issues in the case. This lawsuit is not about whether a DLA Piper employee ever contracted COVID-19. It is about whether DLA Piper acted reasonably in implementing, and processing accommodation requests for, its mandatory vaccination policy in response to the COVID-19 guidance available to it at the time, and in an effort to keep its visitors and employees as safe as possible. DLA Piper has never claimed, nor does it carry any burden to show, that not a single DLA Piper employee ever contracted COVID-19 after it implemented its mandatory vaccination policy. Nor did any DLA Piper employee live a hermetically sealed existence within the DLA Piper offices – so even if a DLA Piper employee contracted COVID-19 between March 2020 and October 2021, that information says nothing about the reasonableness, efficacy, or wisdom of DLA Piper's mandatory vaccination policy at the time it was implemented.

10.      This request is also burdensome because it requires DLA to gather "All documents concerning employees" who returned to DLA Piper's offices but "nevertheless" contracted COVID-19. Not only would this request require broad search terms applied to multiple custodial mailboxes, but it would also require vast and specific redacting to protect the medical privacy of employees who may have tested positive for COVID-19 during this lengthy period of time. This request should be denied.

16232703

**IV.** *All documents concerning supplies submitted to DLA PIPER's Chicago office from March, 2020 through October, 2021.*

11. This request is vague and has no clear relationship to the claims in the case. Plaintiff claims he is "seeking the information concerning...the supplies submitted to DLA Piper's Chicago office from March, 2020 through May, 2022[1] since Shepherd has maintained that he could have either worked remotely and performed his job as Hospitality Coordinator who dealt with these suppliers or he could have come into the office and wore a mask and tested himself for COVID-19 each day that he would be coming into the office to make sure that he was not positive for COVID-19." (Motion to Compel, ¶ 12).

12. This claim of relevance is without merit. First, Shepherd did not request an accommodation to work from home. (*See* **Exhibit A**) (Accommodation Request) (highlighted). His Amended Complaint states that his job required him "to provide onsite support to the Hospitality Manager and Operations Manager and fulfill the day-to-day operational requirements attendant with lawyers, professionals and client[] meetings in the office." (Amended Complaint, ¶ 9) (Dkt. # 13). His correspondence to the EEOC, which he sent clearly anticipating litigation, stated "My position requires me to be on site as a front facing employee of the company, responsible for food/beverage service and event planning." (*See* **Exhibit B**) (highlighted).

13. For Shepherd to now claim that he needs "all documents concerning supplies" in order to argue that he could have worked remotely is totally at odds with his own statements and his claim in this case. Nor does his request for "all documents concerning supplies" have anything to do with whether his *actual* request for an accommodation (testing and wearing PPE) posed an undue burden to DLA Piper.

---

[1] In his prayer for relief, Shepherd only seeks this information through October, 2021. His expansion to May 2022 makes the request even more burdensome and more attenuated to the relevant timeline of Plaintiff's claims.

16232703

14.     The request is also burdensome. As written, it would conceivably involve the search and production of hundreds of documents (routine supplier invoices, payment history, day-to-day vendor communications, etc.).

15.     The request should be rejected. It does not seek any information relevant to the claims in the case, and as phrased it is overbroad and burdensome.

**V.     *Produce all documents concerning logs maintained by DLA PIPER of individuals who came into the Chicago office between March, 2020 through October 31, 2021.***

16.     Plaintiff's request for logs showing who came into the Chicago office from March 2020 through October 31, 2021, clearly seeks information that is not relevant, and could not lead to admissible evidence on the claims and defenses in the case. First, DLA Piper's mandatory vaccination policy did not take effect until October 18, 2021. Vaccines for COVID-19 did not even become available until 2021. Therefore, the identity of who came into the office *before* the mandatory policy took effect, and before vaccines were available, could not possibly be relevant or lead to admissible evidence on the issue of whether DLA Piper lawfully responded to Shepherd's requested accommodation when the mandatory policy was implemented.

17.     Nonetheless, DLA Piper has identified a spreadsheet that tracked employees who came into its office during the period requested by Plaintiff. DLA Piper has also identified a spreadsheet that tracked visitors who entered the offices during the time period requested by Plaintiff. DLA Piper has filtered these spreadsheets to isolate those individuals who came into the Chicago office and has now produced the document to Plaintiff. Since the identity of these specific individuals is not relevant to Plaintiff's claims, and because their identity may otherwise compromise their confidentiality (especially visitors who came to the DLA Piper office to obtain legal advice), DLA Piper has redacted the names of these individuals (while all other information

6

16232703

is viewable).[2] Although DLA Piper contends that these documents have no relevance to the claims and defenses in this case, it has now produced the spreadsheets to Plaintiff.

**VI.** ***Identify the individuals contained in the attached <u>Exhibit G</u> who were granted an exemption from having to take the vaccine for religious reasons.***

18.     This request is a repackaging of an old request that DLA Piper has long objected to. In Shepherd's initial document requests from February 2024, he asked for: "All documents concerning requests for accommodation made by other employees of the Defendant regarding not getting a COVID-19 vaccination. Please include in your response the personnel file of each employee."

19.     DLA Piper objected to the request "as overly broad, and not reasonably calculated to lead to the discovery of admissible evidence because requests for accommodation are considered on an individualized basis; documents pertaining to accommodations other employees requested are unrelated to Plaintiff's claim. Defendant further objects to the request to the extent it calls for disclosure of other employees' confidential medical information. Without waiving its objections, Defendant states that no other DLA Piper employee who was similarly situated to Plaintiff submitted a religious request for accommodation regarding the COVID-19 vaccine."

20.     DLA Piper's responses and objections were served in March 2024.

21.     Subsequently, on October 16, 2025, DLA Piper produced a spreadsheet (attached as **Exhibit G** to Plaintiff's Motion to Compel), identifying the number of employees who requested a religious accommodation for the mandatory vaccination policy, their job title, their DLA Piper

---

[2] DLA Piper is conferring with Plaintiff's counsel on a proposed agreed protective order in the event that the Court requires DLA Piper to un-redact specific individuals' names as related to either this request, or any other request (such as those individual names redacted on Exhibit G to Plaintiff's Motion to Compel). Through the exhibits attached to his Motion to Compel, Plaintiff placed into the public record many documents that were not needed for a determination of the motion that relate to employees of DLA Piper that are not parties to the case, and that relate to internal processes of DLA Piper surrounding its mandatory vaccination policy. DLA Piper seeks to prevent this happening further.

16232703

regional office location, the outcome of their request for accommodation and a brief description of the accommodation, and any related notes. Notably, as the spreadsheet shows, Plaintiff was the only individual whose requested accommodation – to periodically test and wear PPE – was not granted and who was instead offered the alternative of applying for a different position within the firm which did not require in-office presence. The information contained on DLA Piper's produced spreadsheet provides Plaintiff with whatever information may be marginally relevant to his claim, and the "unmasking" of the names of the individuals who made religious accommodation requests would add nothing to his theory of the case, or the elements he is required to prove. It is simply a fishing expedition with no plausible connection to his case.

22. In addition to being improper in scope, the request is also untimely. **Plaintiff has known since March 2024 that DLA Piper objected** to providing specific employee names because doing so would compromise the confidentiality of those employees. He did not move to compel this information **until January 2026**, in his instant motion to compel.

23. Plaintiff justifies seeking this information by stating "if these individuals were granted an exemption, but came in the office, Shepherd would like to take their depositions to find out what the circumstances were in which they were allowed in the office, how frequently they came into the office, and what, if any, restrictions they were under when they came into the office." (Motion to Compel, pp. 4-5). In other words, Plaintiff seeks to conduct a pure fishing expedition at the tail end of discovery.

24. Moreover, Exhibit G reveals that of the three employees in the Chicago office besides Ryan Shepherd, all three were granted an accommodation to work from home. Plaintiff essentially wants to ask these people himself: "did you come into the office anyway?" This is a topic Plaintiff has already, and could have further, explored with any of the numerous DLA Piper

8

16232703

representatives he has already deposed. There is no basis for him to issue deposition notices to individual employees who, *according to Exhibit G*, were granted an accommodation to work remotely, just to find out if they were nonetheless allowed in the office anyway, in violation of the mandatory vaccination policy.

25.     This untimely request, which exceeds the scope of Rule 26(b)(1), and presents no legitimate need for further discovery, should be rejected.

WHEREFORE, Defendant DLA Piper LLP (US) respectfully requests that the Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

DLA PIPER LLP (US)


By: */s/Martin J. O'Hara*
       One of Its Attorneys

Martin J. O'Hara (ARDC #6229971)
Laura A. Elkayam (ARDC #6303237)
MUCH SHELIST, P.C.
191 N. Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 521-2000
mohara@muchlaw.com
lelkayam@muchlaw.com

16232703

# EXHIBIT A

From: Shepherd, Ryan[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=08A11D6D72A74FFE8F7918DD1303CCE0-SHEPHERD, R]
Sent: Fri 10/8/2021 8:41:54 PM Coordinated Universal Time
To: Jarosz, Anne[Anne.Jarosz@us.dlapiper.com]
Subject: RE: Accommodation forms
Attachment: COVID-19 Vaccine Religious Accommodation Request Form (Fillable).pdf

Hi Anne,

It was a pleasure speaking with you! Please see the attached updated accommodation request from. Again, I'm glad you reached out to have these changes made.

Thank you,
Ryan

## Ryan A. Shepherd
Hospitality Coordinator

| | |
|---|---|
| T +1 312 368 3422 | DLA Piper LLP (US) |
| M +1 708 997 0143 | 444 West Lake Street |
| ryan.shepherd@us.dlapiper.com | Suite 900 |
| | Chicago, IL 60606-0089 |

dlapiper.com

---

From: Jarosz, Anne <Anne.Jarosz@us.dlapiper.com>
Sent: Thursday, October 7, 2021 3:30 PM
To: Shepherd, Ryan <Ryan.Shepherd@us.dlapiper.com>
Subject: RE: Accommodation forms

Hi Ryan,

Sounds good! Attached is the religious one with fillable fields so it may be easier to fill out. It's fine if you send me your attachment how it was before, I just need the form filled out as well including the parts below (whatever the specific accommodation that you are requesting is).

## The requested accommodation is:

## The requested accommodation is expected to be:

☐  Temporary, expiring on:  __/__/__  or when  _____.

☐  Permanent.

## Anne Jarosz
HR Generalist

T +1 312 984 5563
M +1 847 287 0479
anne.jarosz@us.dlapiper.com

DLA Piper LLP (US)
dlapiper.com

---

From: Shepherd, Ryan <Ryan.Shepherd@us.dlapiper.com>
Sent: Thursday, October 7, 2021 3:21 PM
To: Jarosz, Anne <Anne.Jarosz@us.dlapiper.com>
Subject: RE: Accommodation forms

Hi Anne,

DLARELL0000025266
DLA_000119

I appreciate you sending the forms. I will fill in the appropriate information and return to you tomorrow. Would you prefer that I send my description as a separate attachment or together with the form as one document?

Thank you,

**Ryan A. Shepherd**
Hospitality Coordinator

T +1 312 368 3422
M +1 708 997 0143
ryan.shepherd@us.dlapiper.com

DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606-0089



dlapiper.com

---

**From:** Jarosz, Anne <Anne.Jarosz@us.dlapiper.com>
**Sent:** Thursday, October 7, 2021 11:22 AM
**To:** Shepherd, Ryan <Ryan.Shepherd@us.dlapiper.com>
**Subject:** Accommodation forms

Hi Ryan,

Hope you are well. Please find attached the medical and religious accommodations forms for an exemption from DLA Piper's Mandatory COVID-19 Vaccination Policy. I am also sending the Disability Accommodations Policy and Request Form (which is on Fusion), if you have need an accommodation unrelated to the vaccine.

If you still need an accommodation, please fill out the form (with any applicable supporting documents) that is appropriate for you and return to me as soon as you can.

Let me know if you have any questions.

Thank you,

**Anne Jarosz**
HR Generalist

T +1 312 984 5563
M +1 847 287 0479
anne.jarosz@us.dlapiper.com

DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606-0089



dlapiper.com

DLA_000120

DLAREL0000025266

**COVID-19 Religious Accommodation Request Form**

To request a religious exemption from DLA Piper LLP (US)'s Mandatory COVID-19 Vaccination Policy, please complete this form and return it to your local HR representative. The firm will carefully review each request and determine if the accommodation request should be granted. Approval is not guaranteed and, if granted, may be revisited in the firm's discretion.

**Acknowledgment**

I am requesting a religious exemption from DLA Piper's Mandatory COVID-19 Vaccination Policy. I verify that the information that I am submitting to substantiate my request for a religious exemption is true and accurate to the best of my knowledge. I understand that any falsified information may result in disciplinary action, up to and including separation from the firm. I understand that DLA Piper is not required to provide an accommodation in response to an exemption request if the accommodation would pose a direct threat to the health or safety of anyone in the workplace, or which would create an undue hardship on the firm.

Please describe, in your own words, your sincerely held religious beliefs, observances, or practices that conflict with obtaining the COVID-19 vaccine. Use additional pages if necessary. Any additional support that you choose to submit from a religious organization must be from an organization to which you actively belong and must state how long you have been a member of the organization.

Title VII of the Civil Rights Act of 1964 is a federal law that prohibits employers form discriminating against employees based on sex, race, color, national origin and religion.

I exercise my Creator endowed rights to opt out of any and all "mandatory" vaccinations as to uphold my sincerely held religious beliefs in addition to my 1st amendment right as a citizen of these United States. I, as a living man, reserve all my God given rights to sole control over my biological materials which are granted to me by my Creator. I retain the right to decline all attempts to access, influence or alter any of said God given biological materials.

I identify myself as a Fundamentalist Christian with a Christian world view. It is my strongly and sincerely held personal belief that Jesus Christ is the Son of God, was born of a virgin, was crucified, died and rose from the dead three days later.

In accordance with my strongly held beliefs, I follow and obey the Scriptures of the Holy Bible to the best of my ability.

Firstly, it is my strongly held religious belief that taking a vaccine would not only pollute and compromise my natural God given finely tuned immune system, but would also be demonstrating a lack of faith that God has supplied me with the sufficient ability to overcome illness, given I follow His guidance on maintaining that immune system and overall health of the body and soul. Scriptures states that life is in the blood (Leviticus 17). It would be a violation of my faith to knowingly inject unknown substances into my body that enter the blood to affect and alter my natural biological materials and immune system. "Do not be hasty in the laying on of hands, and do not share in the sins of others. Keep yourself pure." 1 Timothy 5:22.

Secondly, mandating a practice that I believe has the potential to cause harm to my mortal body is infringing on my God given right to bodily autonomy and free will. Condemning me to act against my strongly held religious beliefs, personal moral compass and God given conscience. The forced vaccination conflicts with my faith and God given freedom. God gives us life and liberty to make our own choices, good or bad. I do not believe we are intended to poison ourselves with unnatural synthetic substances, nor do I believe

**The requested accommodation is:**

Mandatory vaccination exemption. Willing to have regular COVID testing, how ever frequent you see fit. Comfortable using PPE (Mask, Gloves) or any other items that may provide added protection for fellow employees of the firm.

**The requested accommodation is expected to be:**

☐ Temporary, expiring on: __/__/____, or when _____.

☑ Permanent.

| | |
|---|---|
| Name (print): Ryan Shepherd | Signature: *Ryan Shepherd* |
| Title: Hospitality Coordinator | Date: 10/8/21 |

DLA_000121

# EXHIBIT B

From: EEOC - I I G[info@eeoc.gov]
Sent: Wed 9/29/2021 4:33:04 PM Coordinated Universal Time
To: Shepherd, Ryan]Ryan.Shepherd@us.dlapiper.com]
Subject: Mandatory vaccine, religious exemptions/accommodations for employees [Incident: 210921-000591]

**EXTERNAL MESSAGE**

Recently you requested personal assistance from our on-line support center. Below is a summary of your request and our response. We hope we have answered your questions or referred you to the appropriate place to have your questions answered.

*To access your question from our support site, click here*

Subject

**Mandatory vaccine, religious exemptions/accommodations for employees**

Response By Email (Inquiry) (09/29/2021 11:33 AM)

Thank you for contacting the EEOC.

The Equal Employment Opportunity Commission (EEOC) enforces various laws which prohibit employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (40 or older), disability, or genetic information. These laws also prohibit an employer from retaliating against an employee or former employee for opposing something they believe violates the laws we enforce or for participating in an employment discrimination proceeding, such as an investigation.

If you need a modification to your employer's safety requirements or equipment because of a medical condition or a religious belief, practice, or observance, you might be able to get a reasonable accommodation. For example, you might be able to get a different mask as a reasonable accommodation. Or, if you did not take a COVID-19 vaccine because of your disability or religious belief, practice, or observance, you might be able to get an exception to your employer's vaccination requirement, and instead ask to use masks, social distancing, schedule changes, or reassignment to stay safe at work.

EEOC guidance explains that the definition of religion is broad and protects beliefs, practices, and observances with which the employer may be unfamiliar. Therefore, the employer should ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief, practice, or observance. However, if an employee requests a religious accommodation, and an employer is aware of facts that provide an objective basis for questioning either the religious nature or the sincerity of a particular belief, practice, or observance, the employer would be justified in requesting additional supporting information. See also 29 CFR 1605.

For the most updated questions, answers, and information about COVID-19, please visit our website at: www.eeoc.gov/coronavirus. You can find FAQ's and what you should know about the COVID-19 and the ADA, and other EEO laws at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws.

More information about the government response to the coronavirus pandemic can be found at:

• Coronavirus.gov
• CDC.gov/coronavirus
• USA.gov/coronavirus

NOTE: The EEOC's materials only address COVID-19 as it impacts the anti-discrimination laws enforced by the EEOC. If you have questions about wage and hour issues, the FLSA, the FMLA, OSHA, unemployment compensation, and the new Families First Coronavirus Response Act, or similar issues, please contact the U.S. Department of Labor, www.dol.gov.

If you want us to review your situation, you can begin the process by using our online inquiry and appointment system at https://publicportal.eeoc.gov/Portal/Login.aspx It enables you to submit online inquiries and schedule an intake interview with EEOC.

DLA_000495

Also, please note that there are time limits to file the charge. In many States that limit is 180 days from the date you knew about the harm or negative job action, but in other States it is 300 days.

Sincerely,
U.S. Equal Employment Opportunity Commission

**Auto-Response By (Administrator)** (09/21/2021 02:38 PM)
Thank you for contacting the United States Equal Employment Opportunity Commission. This automated response confirms receipt of your inquiry and is not intended to address your specific questions. For those of you wishing to file a charge of employment discrimination, please note that there is a time limit of either 180 or 300 days to file a charge, depending on a number of factors. If you want to begin the process, you can use our online assessment tool at US EEOC . You can not file a charge via email. We will respond to your specific questions as quickly as possible.

**Customer By CSS Email (Ryan Shepherd)** (09/21/2021 02:38 PM)
Greetings,
On August 31st, my employer sent a notification of Covid-19 vaccination requirement for all employees. Proof of vaccination is required by October 1st by my employer. I have requested a religious accommodation from the mandatory vaccination as of September 7th, filed with our HR department. I was told by our HR that they will be sending a form for me to fill out regarding the religious exemption. As of September 21st, I have not received any follow up communication.

My position requires me to be on site as a front facing employee of the company, responsible for food / beverage service and event planning. I am hoping that my employer will grant a reasonable accommodation for my sincerely held religious beliefs. If they decide not to grant my request for exemption, and terminate my employment, I am wondering what recourse I have.

Would I be eligible for unemployment benefits?

Is there grounds for legal action to be taken against my employer?

Please advise.

Thank you,
Ryan


Ryan A. Shepherd
Hospitality Coordinator
T +1 312 368 3422
M +1 708 997 0143
ryan.shepherd@us.dlapiper.com
DLA Piper LLP (US)
444 West Lake Street
Suite 900
Chicago, IL 60606-0089
[cid:image001.png@01D7AEF6.5B10E260]

dlapiper.com<https://www.dlapiper.com/>


The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this

DLA_000496

communication in error, please reply to the sender and destroy all
copies of the message. To contact us directly, send to
postmaster@dlapiper.com. Thank you.

----- ----------- Image File Attachment
----- --------- ------

image001.png, 2594 bytes, Added to incident

Question Reference # 210921-000591

Date Created: 09/21/2021 02:38 PM
Date Last Updated: 09/29/2021 11:33 AM
Status: Closed

DLAREL0000048528

DLA_000497